NATIONAL CASH REGISTER CO. v. FRED CLOSS, ASSIGNEE.

FILING VENDOR'S STATEMENT ON SEPARATE SHEET ATTACHED TO COPY OF CONDITIONAL SALE CONTRACT IS INSUFFICIENT.

The provision of R. S. 4152-2 (Gen. Code 8568), requiring the deposit of a conditional sale contract or true copy thereof with the vendor's statement "thereon" under oath, etc., must be strictly complied with; hence, filing with the county recorder, a copy of a contract of conditional sale with the statement of the vendor as to the amount due and unpaid in an affidavit on a separate sheet attached to the contract, is insufficient.

ERROR to common pleas court.

*Charles Phares,* for plaintiff in error.

*Fred Closs,* for defendant in error.

## SMITH, J.

Upon the facts found by the trial court we are of the opinion that the judgment of the court below should be affirmed. While a copy of the contract of conditional sale was deposited with the recorder of Hamilton county with an affidavit of the agent of the National Cash Register Co. that it was a copy, setting forth the amount due and unpaid on the same, yet the affidavit was upon a separate paper and attached to the copy of the contract.

We do not think this is in compliance with R. S. 4155-2 (Gen. Code 8568), which provides for the deposit of the contract, with a statement "thereon," under oath made by the

Hamilton County.

person so selling, his agent, or attorney, of the amount of the claim; or the deposit of a true copy thereof, evidently meaning a true copy of the contract, with an original affidavit "thereon," the affidavit being no part of the contract.

This, therefore, would seem to require the affidavit to be upon the instrument or contract itself or a true copy thereof and not attached separately to it.

Statutes which prescribe the manner in which mortgages or contracts of conditional sale shall be executed, filed or recorded should, in general, be strictly complied with, and unless so complied with they impart no notice; thus the courts have held parties to a very strict compliance with the statute where the rights of third parties intervene. *Cross* v. *Carstens*, 49 Ohio St. 548 [31 N. E. Rep. 506]; Jones, Chat. Mort. Sec. 248.

The judgment of the trial court is affirmed.